On rehearing, appellee American Home Assurance Company points out that our opinion does not indicate whether the insurance policy at issue is governed by Title 27, Chapter 20, Code 1975, or Title 27, Chapter 18, Code 1975. We find such policy to be a group disability policy governed under Chapter 20 and not under Chapter 18 which governs group life insurance.
Code 1975, § 27-5-4 defines disability insurance in the following manner:
 "'Disability insurance' is insurance of human beings against bodily injury, disablement or death by accident or accidental means, or the expense thereof, or against disablement or expense resulting from sickness and every insurance appertaining thereto. Disability insurance does not include workmen's compensation coverages." (Emphasis supplied.)
The policy at issue falls within this definition of disability insurance.
The policy in this case was a group disability policy as defined in Code 1975, § 27-20-1:
 "Group disability insurance is hereby declared to be that form of disability insurance covering groups of persons as defined in this section, with or without one or more members of their families or one or more of their dependents, or covering one or more members of the families or one or more dependents of such groups of persons, and issued upon the following basis:
 "(1) Under a policy issued to an employer or trustees of a fund established by an employer, who shall be deemed the policyholder, insuring employees of such employer for the benefit of persons other than the employer. The term `employees' as used in this subdivision shall be deemed to include the officers, managers and employees of the employer, the individual proprietor or partner if the employer is an individual proprietor or partnership, the officers, managers and employees of subsidiary or affiliated corporations and the individual proprietors, partners and employees of individuals and firms if the business of the employer and such individual or firm is under common control through stock ownership, contract or otherwise. The term `employees' as used in this subdivision may include retired employees. A policy issued to insure employees of a public body may provide that the term `employees' shall include elected or appointed officials. The policy may provide that the term `employees' shall include the trustees or their employees, or both, if their duties are principally connected with such trusteeship;"
This policy is governed under Title 27, Chapter 20, as defined in the above Code section. Therefore, Code 1975, § 27-18-1, which states Chapter 18 shall not apply to group life insurance contracts issued before the adoption of Chapter 18 by the legislature or to any amendment or renewal of such previously issued contracts, has no applicability to this case.
Code 1975, § 27-20-2 (2) clearly requires the insurer to furnish the policyholder summary statements of coverage for the policyholder to distribute to its employees. As we previously discussed in the main body of this opinion, this section applied to the policy in this case. Appellee now attempts to argue that the policy in question could only be construed to be a blanket disability policy as defined in Code 1975, § 27-20-4
(2); therefore, they had no duty to issue summary statements of coverage because Code 1975, § 27-20-6 does not require *Page 660 
the insurer to issue such statements in the case of a blanket disability policy. We reject this argument and hold the policy at issue in this case was not a blanket disability policy. Appellee conceded at page 12 of its original brief that Code 1975, § 27-20-1, could govern the policy at issue.
OPINION EXTENDED, APPLICATION FOR REHEARING OVERRULED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.